UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HAO T. NGUYEN,<br><br>             Plaintiff,<br><br>       v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>             Defendant. | Case No. SACV 13-01338-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Hao Nguyen ("Plaintiff") appeals the Commissioner's final decision denying her application for disability insurance benefits. On appeal, the Court concludes that the Administrative Law Judge ("ALJ") erred in determining that Plaintiff was able to perform her past relevant work as an insurance sales agent and insurance rater. The Commissioner's decision is therefore reversed and the matter is remanded for further proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her application for disability insurance benefits alleging

disability beginning March 22, 2006. After an initial denial, the Appeals Council granted Plaintiff's request for review and remanded to the ALJ. At the remand hearing on November 15, 2011, the ALJ called a vocational expert ("VE") to testify about what work Plaintiff could perform given her functional limitations. AR 71-81. The ALJ gave the VE a hypothetical based on what the ALJ determined was Plaintiff's residual functional capacity ("RFC"):

> Q   And first hypothetical: Assuming a 46 year old individual with a high school education, two years of college, no A.A. degree however, and work experience is outlined in your report and testimony today. This individual can sit six hours of an eight hour day with normal workday breaks, occasionally lift 20 pounds, frequently lift 10 pounds, frequently climb up stairs, ramps, bend, balance, stoop, kneel, crouch, or crawl. She is precluded from climbing ladders, ropes or scaffolding or unprotected heights. She can perform frequent, gross, and fine manipulation with both upper extremities and with both upper extremities, she's precluded from reaching above shoulder level. Based on this hypothetical, can this individual do any of the claimant's past relevant work?
>
> A   Both positions, your Honor.

AR 71-72. In her decision, the ALJ relied on this answer to conclude that Plaintiff was not disabled because she could perform her past relevant work as an insurance sales agent and insurance rater, both as actually and generally performed. AR 31.

## II.
## ISSUE PRESENTED

The parties dispute whether the ALJ erred in relying upon the VE's testimony in concluding that Plaintiff was capable of performing her past relevant work. See Joint Stipulation ("JS") at 4.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

## IV.
## DISCUSSION

Plaintiff contends that the ALJ erred in determining that she was capable of performing her past relevant work as an insurance sales agent and insurance rater because those jobs, as described in the Dictionary of Occupational Titles ("DOT"), are incompatible with the ALJ's RFC assessment. JS at 4-8, 11-13. Plaintiff points out that the ALJ's RFC assessment determined that Plaintiff was "preclu[ded] from reaching at or above shoulder level with the upper extremities." AR 26. Plaintiff contends that these limitations preclude her from

her past relevant work as an insurance sales agent and insurance rater because those jobs, as described in the DOT, require "frequent" reaching. JS at 4-7.

The requirements listed by the DOT for the jobs of insurance sales agent and insurance rater each include reaching "frequently." DICOT 250.257-010, 1991 WL 672355; DICOT 214.482-022, 1991WL 671892. The Social Security Regulations define reaching as "extending the hands and arms in any direction." Social Security Ruling ("SSR") 85-15, 1985 WL 56857, at *7 (emphasis added). It is apparent that the DOT's requirements conflict with a limitation against reaching at or above shoulder level.

When an expert's testimony conflicts with a DOT job listing, the ALJ "must elicit a reasonable explanation for the conflict before relying on the [expert's] evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, 2000 WL 1898704, at *2; see also Massachi v. Astrue, 486 F.3d 1149, 1153-54 (9th Cir. 2007). An ALJ's failure to perform this step constitutes procedural error. Id. at 1153-54 & n.19. However, the Court may find the procedural error to be harmless if the VE provided sufficient support for his conclusion so as to justify any potential conflicts. Id. at 1154 n.19.

Here, it is apparent from the record that the VE did not explain the basis for his conclusion that a person with Plaintiff's limitation from reaching at or above shoulder level with either arm could perform the jobs of insurance sales agent or insurance rater, jobs which require frequent reaching according to the DOT. Moreover, the VE did not provide an evidentiary basis for the ALJ to justify a divergence from the DOT listing in this particular case. The VE concluded that Plaintiff could perform the listed jobs even though her limitations appear to contradict the jobs' requirements. This disparity required an explanation from an expert sufficient for the ALJ and the Court to defer to and rely upon. As a result, it appears that the Court "ha[s] an apparent conflict with no basis for

the vocational expert's deviation," a circumstance that compels a remand so that the ALJ can perform the appropriate inquiry under SSR 00-4p. See Massachi, 486 F.3d at 1154 & n.19.

The Commissioner argues that Plaintiff's preclusion from reaching at or above shoulder level does not conflict with the requirements of her past relevant work, as provided in the Occupational Information Network, commonly called the O*Net.[1] The Commissioner notes that the O*Net listing for the jobs of insurance sales agent and insurance rater provides that these jobs require the ability to "reach out with the body, arms, and/or legs," but that the O*Net listings do not make any mention of the ability to reach at or above shoulder level. The Commissioner therefore argues that there is no conflict between Plaintiff's RFC and her ability to perform her past relevant work. JS at 8-9.

An ALJ is allowed to "take administrative notice of reliable job information available from various governmental and other publications." 20 C.F.R. § 404.1566(d). Although the DOT is listed as an "example" of such a publication, the list is not exclusive. See Lee v. Barnhart, 63 Fed. Appx. 291, 292–93 (9th Cir. 2003) (observing that federal regulations "do[] not preclude

---

[1] The O*NET, available online at www.onetonline.org, has superseded the DOT as the federal government's primary source of occupational information. Horsley v. Comm'r of Soc. Sec., No. 11-703, 2013 WL 980315, at *3 (S.D. Ohio Mar. 13, 2013). Because the DOT has not been updated since 1991, it is "considered obsolete by most other federal agencies" outside the Social Security Administration. Id. Even the Department of Labor, the publisher of the DOT, now uses the O*NET instead. Jordan v. Astrue, No. 08-3217, 2009 WL 3380979, at *3 n.1 (D. Neb. Oct. 21, 2009). At least one appellate court has found that O*NET is more reliable than the DOT under some circumstances. Cunningham v. Astrue, 360 F. App'x 606, 616 (6th Cir. 2010) (remanding decision because ALJ relied on job descriptions in the DOT when "more current" descriptions were available on O*NET).

reliance on the O*NET"); Moss v. Astrue, No. 09-1196, 2010 WL 2572040, at *7 (C.D. Ill. June 22, 2010) ("[T]he VE is not required to limit his hypothetical to DOT data; the VE can also use outside data, including ONET."). However, in this instance, as noted by the ALJ, the VE evaluated Plaintiff's past relevant work using the DOT. See AR 31 (citing AR 447). Thus, it is immaterial whether Plaintiff's RFC is compatible with the requirements of her past relevant work as determined by O*NET because the VE did not consult that source. Rather, the VE relied upon the DOT in determining that Plaintiff could perform her past relevant work despite the fact that, according to the DOT, the jobs of insurance sales agent and insurance rater require frequent reaching, which conflicts with the ALJ's assessment of Plaintiff's RFC.[2]

Whether to remand for further proceedings or award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. Lewin, 654 F.2d at 635. Based on the foregoing, the Court finds that remand is warranted for clarification as to the impact, if any, of Plaintiff's reaching limitations on her ability to perform the occupations of insurance sales agent and insurance rater, and to sufficiently explain any deviation from the DOT.

**V.**

---

[2] Nor is the Court persuaded by the Commissioner's contention that the ability to "reach out with the body, arms and/or legs," as provided in the O*NET, does not encompass reaching overhead. The DOT, upon which the VE relied, does not distinguish between overhead reaching and any other kind of reaching, including "reach[ing] out." See, e.g., Mkhitaryan v. Astrue, No. 09-6971, 2010 WL 1752162, *3 (C.D. Cal. Apr. 27, 2010) ("As defined in the [DOT], the plain meaning of 'reaching' encompasses above-the-shoulder reaching.").

**CONCLUSION**

For the reasons stated above, the decision of the Social Security Commissioner is reversed and the matter is remanded for further proceedings consistent with this opinion.

Dated: May 28, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge